IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARIO MARTINEZ CAMPUZANO, | § § § § § § § § § § § | |
| *Petitioner*, | | |
| v. | | No. 1:25-CV-1715-DAE |
| NOEM, *et al.*, | | |
| *Respondents*. | | |

ORDER

Before the Court is Petitioner Mario Martinez Campuzano's ("Petitioner") Motion for a Preliminary Injunction (the "Motion"). (Dkt. # 2.) Respondents filed an Amended Response on December 29, 2025, (Dkt. # 15), and a hearing on the Motion has been set for January 6, 2025 at 9:00 a.m., (Dkt. # 13). Briefing for the Petition for Writ of Habeas Corpus, (Dkt. # 1), seeking the same relief as Petitioner's Motion, has not been completed. In light of this procedural posture, and to increase efficiency, the parties will be ordered to confer and file a joint advisory.

Petitioner's statutory challenge to his ongoing detention turns on whether 8 U.S.C. § 1225(b)(2) or § 1226(a) ("the interpretation issue") applies in his case. (See Dkt. ## 1; 2.) Upon the Court's review, the parties' arguments set forth in Petitioner's Petition for Writ of Habeas Corpus, (Dkt. # 1), Petitioner's

1

Motion for Preliminary Injunction, (Dkt. # 2), and Respondents' Response, (Dkt. # 15), appear to address the interpretation issue fully. As such, it appears to the Court that setting a timeline to file a response and reply to the Petition for Writ of Habeas Corpus would result in duplicative arguments and waste of judicial resources. Accordingly, to expedite this matter, the Court **ORDERS** the parties to confer and file a joint advisory no later than **Monday, January 5, 2026 at 6:00 p.m.** In conferring, the parties shall discuss procedurally how this case will proceed. Specifically, in the joint advisory, Respondents and Petitioner shall advise whether they are willing to rest on their arguments set forth in the Petition for Writ of Habeas Corpus, (Dkt. # 1), Petitioner's Motion for Preliminary Injunction, (Dkt. # 2), and Respondents' Response, (Dkt. # 15), on the interpretation issue. If so, the Court will proceed with ruling on the Petition for Writ of Habeas Corpus based on those arguments and briefings on the interpretation issue. If not, the parties shall submit a proposed timeline to file a response and reply to the Petition for Writ of Habeas Corpus.

    **IT IS SO ORDERED**.

    **DATED**: Austin, Texas, December 31, 2025.

_____
David Alan Ezra
Senior United States District Judge